# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **J.D. HOOPER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-22-988-D** |
| | ) | |
| **JOHN KEVIN STITT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Plaintiff J.D. Hooper brings this action under 42 U.S.C. § 1983. (ECF No. 1). Chief United States District Judge Timothy D. DeGiusti has referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). A review of the Complaint has been conducted pursuant to 28 U.S.C. § 1915A(a). Based on that review, it is recommended that the Court **DISMISS** the Complaint, with prejudice.

## I.    SCREENING REQUIREMENT

The Court must review each complaint in which a prisoner seeks redress against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court is required to dismiss the complaint or any portion of the complaint that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b).

## II.    STANDARD OF REVIEW

The Court must accept Plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The Court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (quotations and citation omitted).

A complaint fails to state such a claim when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citation omitted). Bare legal conclusions in a complaint, however, are not assumed to be true; legal conclusions "must be supported by factual allegations" to state a claim upon which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## III.    PROCEDURAL BACKGROUND

In 2013, an Adair County District Court jury convicted Mr. Hooper in in Case No. CF-2012-100 on three counts of First-Degree Rape and three counts of Sodomy. (ECF No. 1:9); State Court Docket Sheet, *State of Oklahoma v. Hooper*, Case No. CF-2012-100 (Adair. Co. Dist. Ct. Oct. 13, 2013).[1] On appeal, the Oklahoma Court of Criminal Appeals

---

[1] *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand") (citation omitted).

(OCCA) affirmed the convictions. *See* State Court Docket Sheet, *Hooper v. State of Oklahoma*, Case No. F-2013-923 (Okla. Crim. App. Aug. 8, 2014). On July 9, 2020, in *McGirt v. Oklahoma*, 140 S.Ct. 2452 (2020), the United State Supreme Court held that the Creek Nation had not been disestablished as an Indian reservation, qualifying it as "Indian Country," as defined by the Major Crimes Act, which vested the federal court system with exclusive jurisdiction regarding certain crimes. Based on the decision in *McGirt*, Mr. Hooper sought post-conviction relief with the Adair County District Court, which granted relief on March 17, 2021, and dismissed his convictions. *See* ECF No. 1:10; *State of Oklahoma v. Hooper*, Case No. CF-2012-100 (Adair. Co. Dist. Ct. Mar. 17, 2021).

On March 16, 2021, in the Eastern District of Oklahoma, the United States of America filed a criminal complaint concerning the sexual assault charges against Mr. Hooper. *See* ECF No. 1:10; *U.S. v. Hooper*, Case No. 21-CR-66, ECF No. 1 (E.D. Okla. Mar. 16, 2021). But on June 1, 2022, the Court dismissed the action without prejudice. *See* ECF No. 1:10; *U.S. v. Hooper*, Case No. 21-CR-66, ECF No. 63 (E.D. Okla. June 1, 2022). In the Order of dismissal, the Court noted that the Plaintiff had been charged in Cherokee Nation Court and would be held on those charges. *Id.*

On September 9, 2021, the State filed a Motion to Vacate the grant of post-conviction relief. *State of Oklahoma v. Hooper*, Case No. CF-2012-100 (Adair. Co. Dist. Ct. Sept. 9, 2021). On November 10, 2022, the Adair County District Court granted the Motion and vacated the order granting post-conviction relief, reinstating Mr. Hooper's original convictions. *State of Oklahoma v. Hooper*, Case No. CF-2012-100 (Adair. Co. Dist.

Ct. Nov. 10, 2022). On November 15, 2022, the Adair County District Court filed a Reinstated Judgment and Sentence, reflecting the reinstatement of Plaintiff's convictions. *State of Oklahoma v. Hooper*, Case No. CF-2012-100 (Adair. Co. Dist. Ct. Nov. 15, 2022). On November 15, 2022, Mr. Hooper, represented by counsel, filed a Complaint in this Court pursuant to 42 U.S.C. § 1983. (ECF No. 1).

## IV.    THE COMPLAINT

As stated, Plaintiff has filed a Complaint under 42 U.S.C. § 1983. (ECF No. 1). According to Mr. Hooper, the factual basis for his claim is that when the state court convictions were dismissed on March 17, 2021, the State of Oklahoma lost jurisdiction over the criminal matter, whereupon jeopardy attached, preventing the State from thereafter regaining jurisdiction over Plaintiff and reinstating the convictions. (ECF No. 1:10). Plaintiff argues that because the State of Oklahoma failed to appeal the order granting him post-conviction relief, the State was thereafter barred from seeking to vacate that order—an action that was allowed and ultimately resulted in the convictions being reinstated. (ECF No. 1:10).

Plaintiff then argues several theories in support of his belief that the State of Oklahoma has never had jurisdiction over Indian Country which includes the Cherokee Nation. (ECF No. 1:12-32). As relief, Mr. Hooper requests:

1. Declaratory Judgment and

2. Injunctive relief in the form of his release from confinement and the prohibition of enforcing any Oklahoma statutes on reservation lands.

(ECF No. 1:32).

## V.    DISMISSAL OF THE COMPLANT

Mr. Hooper has filed a civil rights Complaint under 42 U.S.C. § 1983 challenging the validity of his conviction—namely, that the Adair County District Court wrongly vacated the order granting post-conviction relief and reinstated Mr. Hooper's original convictions. *See supra*. The Court should dismiss the Complaint.

The United States Supreme Court has repeatedly held that a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement." *Preiser v. Rodriguez,* 411 U.S. 475, 489 (1973); *see also Wolff v. McDonnell,* 418 U.S. 539, 554 (1974); *Heck v. Humphrey,* 512 U.S. 477, 481 (1994); *Edwards v. Balisok,* 520 U.S. 641, 648 (1997). Instead, the inmate must seek federal habeas corpus relief (or appropriate state relief). *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005).

Here, Mr. Hooper is challenging the validity of his current confinement and asking the Court to release him, enter declaratory judgment in his favor, and order the prohibition of enforcement of all Oklahoma statutes on reservation land. *See supra*. However, the United States Supreme Court has unequivocally stated that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 81–82. Because success in the current action would necessarily imply the invalidity of

5

Mr. Hooper's confinement, the Court should dismiss the Complaint, with prejudice. *See Graham v. Waters*, 805 F. App'x 572, 579 (10th Cir. 2020) (dismissing Section 1983 Complaint with prejudice, "because injunctive relief requesting immediate release from custody is not a cognizable claim for relief in a § 1983 action.").[2]

## VI.    RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The Court should dismiss the Complaint in its entirety, with prejudice, for failure to state a claim under 42 U.S.C. § 1983.

Plaintiff is hereby advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by **January 30, 2023.** *See* 28 U.S.C. § 636(b)(1); and Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

---

[2] Mr. Hooper invokes jurisdiction, in part, under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq. (ECF No 1:9). However, the availability of declaratory relief "presupposes the existence of a judicially remediable right." *Schilling v. Rogers*, 363 U.S. 666, 677 (1960). No such "judicially remediable right" exists here because Mr. Hooper cannot challenge the validity of his criminal conviction in an action under 42 U.S.C. § 1983. *See supra*. As a result, any request for declaratory relief in relation to such claim is not viable. *See Long v. Wells Fargo Bank, N.A.*, 670 F. App'x 670, 671–72 (10th Cir. 2016); *see also Fedorowicz v. Pearce*, 641 F. App'x. 773, 776 n.2 (10th Cir.) (deeming declaratory judgment remedy "unavailable because it is based on an invalid cause of action").

## VII.  STATUS OF THE REFERRAL

This Report and Recommendation terminates the referral.

ENTERED on January 10, 2023.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE